Henderson, Chiefs Justice.
 

 The matter assigned
 

 as the first breach, if there be any thing in it, goes to vacate and annul the contract, and is not within the stipulation of the guaranty, that the debt was good_ But the words “note and judgment” arc amere description of the thing sold, and no part of the guaranty, and are not false in fact; for there could not be a note and judgment, against both
 
 Henry
 
 and
 
 John Wilkes,
 
 for the same debt, at the same time j and especially if the note on which the judgment is obtained, precede the judgment, for in such case the note is merged in tho judgment. The description imports just such a thing as there is, viz: in a jointnote taken against both, reduced to a judgment against one. But if it was a false description, and thereby the contract was vacated, and even if
 
 *514
 
 a count annulling a contract could be. joined with one enforcing the same contract; yet the plaintiff, by receiving the thing with a full knowledge of what it
 
 was,
 
 an(] retaining it so long, admits that it was in substance the thing purchased, and waives his right of vacating the agreement.
 

 An undertaking by the guarantee collection ofadebt he is hound for, laches hi ilie party guaranteed,.
 

 As little ground is there to support the objection taken to the charge of the judge below ; although it is admitted that the charge did not
 
 meet the
 
 view of the plaintiff’s counsel, and although if the evidence,made the point, either by positive proof, or by an inference -which the jury could draw, the judge should have declaimed the law upon it. I allude to the reference made by the counsel of the plaintiff, in his address to the jury, to the judge, as a matter of law, for him to decide, that if the conversation (with the agent) took place before
 
 Smith
 
 had been guilty of neglect, it amounted in law to an agreement on the part of
 
 Morgan
 
 to attend to the collection of the debt out of
 
 FFilkes,and
 
 discharged
 
 'Smith
 
 from faking further steps in relation thereto. 1 do not know that I catch the counsel’s idea, but take it either way, it caunpt benefit the plaintiff. In the first place, there is nothing like the sole undertaking of its collection by
 
 Morgan..
 
 This engagement amounted to nothing more, than that he would give his aid, and by consequence did not discharge
 
 Smith.
 
 Now if the collection of the debt ivas of such a nature, that two could not act in it, that the aid of one necessarily prevented the other from acting at all — if there be such a slate of tilings; then, if
 
 Morgan
 
 undertook to act, or even to aid, and if this necessarily prevented
 
 Smith
 
 from acting, surely the agreement by
 
 Morgan,
 
 to attend to, to aid, or assist in the collection of the debt, necessarily discharged
 
 Smith:
 
 — discharged him I say, if necessarily the aid in attending to the debt prevented, that is, rendered it impossible for
 
 Smith
 
 to act in the matter. But I cannot see bow ^ rendered it impracticable for
 
 Smith
 
 to act a]s0. As a question of law, I should therefore say, that ^ before
 
 Smith
 
 had been negligent,
 
 Morgan
 
 had promised to attend to the collection of the debt, that-iSmifA
 

 
 *515
 
 was not thereby discharged, unless
 
 Morgan
 
 by words discharged him
 
 ;
 
 his agreement to attend to it, did not have that operation, unless he had taken upon himself the exclusive collection of it. As to the express promise, the judge ruled that a promise of any kind, either expressed or implied, would bind
 
 Morgvn,
 
 if made with a full knowledge that
 
 Smith
 
 had by his negligence discharged him. The charge was certainly as favorable to the plaintiff, as the law warranted ; nor do I perceive any impropriety in tho judge’s pointing out the difference between a promise to pay, and a promise to assist in the collection of the debt. Taking the conversation to be either before
 
 Smith’s
 
 neglect, or after, then he can claim nothing from it either in law or fact. If before, it did not amount to any thing like a discharge to
 
 Smith
 
 from further diligence : — if, after there was nothing in it like a promise, so far from it,- that if the jury had found for the plaintiff on that ground, the judge ought to have set aside tho verdict as being against the evidence. The fact is, the sum is largo, and the plaintiff when lie brought this suit calculated on tho chances. It is a most groundless claim.
 

 Feu Curiam. — Judgment appirmed.